UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS M. MARTIN, ) <br> ) <br> ) <br> PLAINTIFF, ) <br> ) Civil Action No. _____ <br> v. ) <br> ) <br> MIRACLE FINANCIAL, INC., ) <br> ) <br> ) <br> DEFENDANT. ) | |

## COMPLAINT

Plaintiff, Nicholas M. Martin, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Miracle Financial, Inc. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

2. Venue in this District is proper because Defendant does business here.

## PARTIES

3. Plaintiff, Nicholas M. Martin, ("Plaintiff") is an individual and resident of the State of Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Miracle Financial, Inc., ("Defendant") is a corporation that, from its headquarters in Massachusetts , acts as a "debt collector" as defined by and

within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

5. In fact, Defendant was acting as a debt collector as to the delinquent consumer debt it was attempting to collect from the Plaintiff.

6. Defendant is authorized to conduct business in Illinois and maintains a registered agent here. (Exhibit A, Record From Illinois Secretary of State).

7. In fact, Defendant conducts business in Illinois.

8. Defendant is licensed as a collection agency in Illinois. (Exhibit B, Record from Illinois Department of Professional Regulation).

**FACTS**

9. Plaintiff entered into an agreement ("Customer Agreement") with Verizon Wireless ("Verizon") for cellular telephone service for his personal use. (Exhibit C, Customer Agreement).

10. According to Verizon, Plaintiff thereafter defaulted on his Agreement in or around March or April, 2011, and incurred an alleged debt to Verizon thereby.

11. Thereafter, Verizon assigned the alleged debt to Defendant for collection from the Plaintiff.

12. The alleged debt Defendant attempted to collect from the Plaintiff would have been incurred for personal, family, or household purposes.

13. On August 1, 2011, Defendant sent a letter to Plaintiff dated July 28, 2011, to attempt to collect the alleged debt from Plaintiff in the amount of $73.11. (Exhibit D, Letter to Plaintiff from Miracle and copy of postmarked envelope for the same).

14. Plaintiff received the letter from Defendant on August 4, 2011, and was confused by its contents.

15. In the letter, Defendant claims that there is a "Principal Balance" due of $59.93 and "VZW Collection Fees" due in the amount of $13.18. (Exhibit D, Letter to Plaintiff from Miracle and copy of postmarked envelope for the same).

16. The "VZW Collection Fees" sought equals approximately 22 percent of the alleged principal balance due.

17. The letter further states that Plaintiff owes a "Total Amount Due" of $73.11. (Exhibit D, Letter to Plaintiff from Miracle and copy of postmarked envelope for the same).

18. Verizon's Customer Agreement with Plaintiff contains a section entitled "Payments, Deposits, Credit Cards and Checks" that provides, in relevant part, as follows:

> WE MAY ALSO CHARGE YOU FOR ANY COLLECTION AGENCY FEES **THAT WE ARE CHARGED** BY A COLLECTION AGENCY WE USE TO COLLECT FROM YOU IF IT IS PERMITTED BY THE LAW OF THE STATE WHERE YOU HAVE YOUR BILLING ADDRESS WHEN WE FIRST SEND YOUR ACCOUNT TO A COLLECTION AGENCY.

(Exhibit C, Customer Agreement, page 4, emphasis added).

19. Defendant provides "third party contingency fee professional collections services", which means that Defendant would only charge Verizon if it collected the

alleged debt, or some portion thereof, from Plaintiff. (Exhibit E, Web Capture from Defendant's Website).

20. Defendant did not obtain any payment from Plaintiff for the alleged debt.

21. At the time Defendant sent its letter to Plaintiff, it had not billed nor charged Verizon $13.18, or any other amount, for its attempts to collect the alleged debt.

22. The "VZW Collection Fees" reflect a contingency agreement between Verizon and Defendant rather than a pre-paid, flat fee.

23. Specifically, whether a fee is a charged by Defendant to Verizon, and thus whether such fee is chargeable to Plaintiff, is contingent upon the successful collection of all or part of the alleged debt from the Plaintiff.

24. Defendant did not recover any of the alleged debt from Plaintiff.

25. By attempting to collect "VZW Collection Fees" from Plaintiff in the amount of $13.18, Defendant attempted to recover a collection fee from Plaintiff that was never charged to Verizon, and thus never due from Plaintiff.

26. Defendant thus misrepresented that the "Total Amount Due" from Plaintiff was $73.11—an amount which includes "VZW Collection Fees". (Exhibit D, Letter to Plaintiff from Miracle and copy of postmarked envelope for the same).

27. Illinois law does not permit the collection of a fee when collection of said fee is not expressly authorized by the agreement creating the debt; nor does Illinois law expressly authorize, in a debt collection context, the addition of a contingent fee to a principal balance sought when the contingency has not yet occurred. See Collection Agency Act, 225 ILCS 425/9 et seq.

28. It is black letter law that a debt collector may not attempt to collect any amount above the principal of the obligation, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Defendant bears the burden of proof that it is within the "unless" clause of § 1692f(1). See, e.g., *Meacham v. Knolls Atomic Power Lab*, 128 S.Ct. 2395, 2400, 171 L.Ed. 2d 283 (2008) ("The burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits.") (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45, 68 S. Ct. 822, 92 L. Ed. 1196, 44 F.T.C 1499 (internal quotation marks omitted)).

29. Defendant's attempt to collect "VZW Collection Fees" from Plaintiff in the amount of $13.18 violates the FDCPA, as the collection of said amount is not authorized by the agreement creating the debt, nor allowed by law.

30. Notably, Defendant was aware of the terms of the Verizon Customer Agreement entered into by Plaintiff before the time it sent its letter to Plaintiff, and Defendant was thus aware that it was attempting to collect a fee from Plaintiff that was neither authorized by the Verizon Customer Agreement that created the alleged debt, nor allowed by law.

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.**

32. Plaintiff incorporates paragraphs 1-31.

33. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant

violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

    a)    Defendant violated 15 U.S.C § 1692e when it deceptively attempted to collect a debt from Plaintiff in a false amount;

    b)    Defendant violated 15 U.S.C § 1692e(2) when it misrepresented the amount of the alleged debt;

    c)    Defendant violated 15 U.S.C § 1692e(10) when it deceptively attempted to collect a debt from Plaintiff in a false amount;

    d)    Defendant violated 15 U.S.C § 1692f when it used unfair means to attempt to collect a debt from Plaintiff by inflating the amount of the alleged debt due to include an amount not due from the Plaintiff;

    e)    Defendant violated 15 U.S.C § 1692f(1) when it unfairly attempted to collect "VZW Collection Fees" when the collection of said fee was not authorized by the agreement creating the debt, nor permitted by law;

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    a.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

    b.    Actual damages suffered by the Plaintiff;

    c.    Plaintiff's attorney fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

### JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**    By:  s/ Mario Kris Kasalo
**"A Consumer Protection Law Firm"**    Mario Kris Kasalo
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com